J-A02021-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| J.K. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| J.J.K., | : | |
| | : | |
| Appellant | : | No. 1058 MDA 2018 |

Appeal from the Order Entered May 29, 2018
In the Court of Common Pleas of Wyoming County Civil Division at
No(s):  2014-CV-1172

BEFORE:  LAZARUS, J., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY DUBOW, J.:                  **FILED APRIL 02, 2019**

Appellant, J.J.K. ("Father"), appeals from the May 29, 2018 Order, which awarded J.K. ("Mother") primary physical custody and Father periods of partial physical custody.  Upon review, we affirm.

A detailed recitation of the lengthy factual and procedural history in this case is unnecessary to our disposition.  Relevant to this appeal, Mother and Father are married and commenced divorce proceedings in October 2014. They are parents to two children, eleven-year-old J.K. and thirteen-year-old O.K. (collectively "Children").  In March 2016, the trial court issued an agreed-upon custody order, awarding shared legal custody of the Children to both parties, and awarding primary physical custody to Mother.  The order awarded Father partial physical custody on alternating Saturdays year-round and on every Sunday and one evening per week during the school year.

After numerous court filings, including Mother's Petition for Special Relief, Father's Petition for Contempt and Petition to Modify Custody, and reciprocal Petitions for Protection from Abuse ("PFA")[1], in February 2016, the trial court issued an Order denying Father's Petition for Contempt and modifying the parties' custody award. Father appealed and, upon review, this Court vacated the portion of the Order that modified custody and remanded to the trial court for either an evidentiary hearing or the entry of a custody order by agreement of the parties. *See **J.K. v. J.J.K.**,* 178 A.3d 195 (Pa. Super. 2017) (unpublished memorandum).

The trial court held a hearing on March 15, 2018, and May 28, 2018. Father testified that he has worked the past 12 years at Procter and Gamble as a technician where he works 12-hour swing shifts 14 days per month, including overnight shifts. N.T. Hearing, 3/15/18, at 14-21, 29, 31. Father lives in a two-bedroom apartment and sleeps in the living room to ensure Children each have their own bedroom. *Id*. at 8-12. Father testified that if he had 50-50 custody of Children he would ask his employer for a special schedule or utilize vacation time. *Id*. at 17-18, 35-36. Father does not have family support in the area but has one close friend who could watch Children in an emergency. *Id*. at 40. Children go to bed at 11:30 PM or 12:00 midnight at Father's house. *Id*. at 34.

---

[1] The parties agreed to a one year reciprocal PFA Order against each other after they both alleged injuries sustained from a physical altercation between the two of them.

Mother testified that she has worked for the past 27 years at Intermountain Medical Group as a Satellite Operations Manager five days during the week from 8:30 AM until 5:00 PM. *Id*. at 51-52, 75-79. Mother resides in the marital home where Children grew up. *Id*. at 52-53. The maternal grandparents live next door and help take care of Children. *Id.* Mother testified that she primarily helps Children with homework and takes them to doctor's appointments because Father's work schedule is unpredictable. *Id*. at 54-58. Mother testified that Children often come home from Father's house unfed. *Id*. at 58. Children to go to bed at 9:00 PM at Mother's house. *Id*. at 58.

Mother testified that she and Father have had numerous disagreements about custody and Father has called the police twice during custody exchanges. *Id*. at 66. Mother stated that, at times, Father has demanded to take the kids and has violated their custody agreement. *Id*. at 66-71.

On May 29, 2018, after a full custody hearing, the trial court awarded Mother and Father joint legal custody, and Mother primary physical custody of Children. The trial court awarded Father periods of partial physical custody of Children, including every weekend that he is not working, one evening during the week, one full week during the summer, and various holidays.

Father timely appealed. Both Father and the trial court complied with Pa.R.A.P. 1925.

Father raises the following issues on appeal:

1. Were the trial court's conclusions unreasonable as shown by the evidence of record?

2. Did the trial court abuse its discretion or commit an error of law by failing to enter a custody order that is in the best interest of [Children]?

3. Did the trial court abuse its discretion or commit an error of law in its May 29, 2018 Order in that it awards, grants and orders both parties to have shared legal and shared physical custody of [Children], but denies [Father] actual shared physical custody of [Children] in terms of time spent with each parent?

4. Did the trial court abuse its discretion or commit an error of law, based upon the testimony of record below, in limiting [Father]'s physical custody of [Children] without any evidence or testimony that the Father's time with [Children] should be restricted or unequal to that of [Mother]?

5. Did the trial court abuse its discretion or commit an error of law, based upon the testimony of record below, in failing to follow the mandates of [23 Pa.C.S. § 5328(10)] that the [c]ourt must consider which party is more likely to attend to the daily physical, emotional, developmental, and special needs of [Children]? Did the [trial court] err[] in not considering which parent has the most flexible schedule and would be best able to provide transportation and support to [Children] in attending school and therefore erred in failing to find in favor of [Father]?

6. Did the trial court abuse its discretion or commit an error of law, in failing to give [] appropriate weight to the testimony of [Mother], who testified that the custody schedule could be modified to provide [] Father with additional periods of custody?

Father's Brief at 4-5 (reordered for ease of disposition).

The Child Custody Act ("the Custody Act"), 23 Pa.C.S. §§ 5321-5340, requires a trial court to consider all of the Section 5328(a) best interests factors when "ordering any form of custody." 23 Pa.C.S. § 5328(a). A trial court must "delineate the reasons for its decision when making an award of

- 4 -

custody either on the record or in a written opinion." ***S.W.D. v. S.A.R.***, 96 A.3d 396, 401 (Pa. Super. 2014). ***See also*** 23 Pa.C.S. § 5323(a) and (d). However, "there is no required amount of detail for the trial court's explanation; all that is required is that the enumerated factors are considered and that the custody decision is based on those considerations." ***M.J.M. v. M.L.G.***, 63 A.3d 331, 336 (Pa. Super. 2013).

When reviewing child custody matters and the trial courts consideration of the Section 5328(a) factors, our paramount concern is the best interests of the child. ***See Saintz v. Rinker***, 902 A.2d 509, 512 (Pa. Super. 2006). "The best interests standard, decided on a case-by-case basis, considers all factors which legitimately have an effect upon the child's physical, intellectual, moral and spiritual well-being." ***Id.*** (quotation and citation omitted).

This Court reviews a custody determination for an abuse of discretion. ***In re K.D.,*** 144 A.3d 145, 151 (Pa. Super. 2016). We will not find an abuse of discretion "merely because a reviewing court would have reached a different conclusion." ***Id.*** (citation omitted). Rather, "[a]ppellate courts will find a trial court abuses its discretion if, in reaching a conclusion, it overrides or misapplies the law, or the record shows that the trial court's judgment was either manifestly unreasonable or the product of partiality, prejudice, bias or ill will." ***Id.***

Further, when this Court reviews a trial court's "best interests" analysis in custody matters, our scope of review is broad but we are "bound by findings

supported in the record, and may reject conclusions drawn by the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court." **Saintz, supra** at 512 (quotation and citation omitted). Importantly, "on the issues of credibility and weight of the evidence, we defer to the findings [of] the trial judge." **Id**. We can only interfere where the "custody order is manifestly unreasonable as shown by the evidence of record." **Id**.

In his first four issues on appeal, Father avers that the evidence of record does not support the trial court's findings and that the custody order is not in Children's best interests. Father's Brief at 4-5. In his final two issues, Father avers that the trial court failed to consider evidence regarding Father's schedule when evaluating Section 5328(10) and failed to give appropriate weight to portions of Mother's testimony when restricting Father's periods of partial physical custody. Father's Brief at 4-5. In response, Mother observes that Father fails to cite to the record, fails to analyze any case law or statutes, and fails to develop any actual argument. Mother's Brief at 11. Mother argues that "Father catalogues eighteen cases for their general propositions in custody law and asks [this Court] to overturn the trial court" without engaging in any actual analysis or argument. **Id**. at 11. We agree, and, thus, conclude that all of Father's issues are waived.

Failure to conform to the Rules of Appellate Procedure results in waiver of the underlying issue. **Commonwealth v. Buterbaugh**, 91 A.3d 1247,

1262 (Pa. Super. 2014). Rule of Appellate Procedure 2119(a) requires a properly developed argument for each question presented. *See* Pa.R.A.P. 2119(a). Specifically, Rule 2119(a) requires the argument to be divided into as many parts as there are questions to be argued, with distinct headings, and for each question to be supported by discussion and analysis of pertinent authority. *Id*. Rule 2119 further requires an appellant to reference the record in connection with any argument and, specifically when an appellant argues "the finding of, or the refusal to find, a fact[,]" the appellant must provide a synopsis of all of the evidence on the point with reference to the record. Pa.R.A.P. 2119(c), (d).

Here, Father raises six issues and fails to divide his argument into as many sections, to reference the record, and to provide a synopsis of evidence when challenging the trial court's findings. Most importantly, Father fails to support any of his issues with discussion and analysis of pertinent authority. This Court will not act as counsel and will not develop arguments on Father's behalf. *See Buterbaugh*, *supra* at 1262. In light of Appellant's failure to develop his issues in conformance with our Rules of Appellate Procedure, our ability to provide meaningful review is significantly hampered. We, thus, conclude Father's issues are waived.

Even if Father had not waived the issues, our review of the record supports the trial court's findings and reveals that the court properly

considered Children's best interests when it awarded Mother primary physical custody and Father periods of partial physical custody.[2]

Order affirmed.

Judgment Entered.

*Joseph D. Seletyn*

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>04/02/2019</u>

---

[2] We observe that the trial court considered all of the Section 5328(a) best interests factors and delineated the reasons for its decision in a written opinion when issuing its custody order. **See** 23 Pa.C.S. § 5328(a). **See also** 23 Pa.C.S. § 5323(a) and (d). Our review of the record supports the trial court's findings. Consequently, even if Father had properly developed his first four issues, he would not be entitled to relief. In addition, we are "bound by the findings supported in the record" and "on the issues of credibility and weight of the evidence, we defer to the findings [of] the trial judge." **Sainz, supra** at 512. We can only interfere where the "custody order is manifestly unreasonable as shown by the evidence of record." **Id**. Our review of the record, giving deference to the trial court's weight of the evidence and credibility determinations, reveals that the trial court's conclusions are not manifestly unreasonable. Thus, even if Father's final two issues were not waived, we would conclude they lack merit.